IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINT D. EPPERLY,

                    Plaintiff,

 v.                                   Case No. 2:26-cv-2263

CITY OF BALDWIN CITY, KANSAS,
MICHAEL R. PATTRICK, and GLENN
RODDEN,

                    Defendants.

## **COMPLAINT**

The Plaintiff, Clint D. Epperly, by and through undersigned counsel, submits the following as his Complaint in this action.

### PARTIES, JURISDICTION AND VENUE

1. Clint D. Epperly is an individual who at all times material hereto was a resident of the State of Kansas.

2. The City of Baldwin City, Kansas is a "municipality" within the meaning of that word is defined at K.S.A. 12-105a(a).

3. Michael R. Pattrick is an individual who resides in the State of Kansas and may be served with process at 803 8th Street, Baldwin City, Kansas 66006 or at 203 1st Street, Baldwin City, Kansas 66006.

4. Glenn Rodden is an individual who resides in the State of Kansas and may be served with process at 605 Heritage Drive, Baldwin City, Kansas 66066.

5. The Plaintiff presented a notice of claim to the Defendant City of Baldwin City, Kansas that included the Kansas tort claim pleaded in this action on May 12, 2025.

6. More than 120 days have passed since May 12, 2025 and the date this action was

commenced.

7. The City of Baldwin City, Kansas did not approve the claim.

8. By operation of K.S.A. 12-105b(d), the claim is deemed denied.

9. The Plaintiff has exhausted his administrative remedies. This Court has jurisdiction of this action.

10. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. Venue is properly placed with this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

<u>ALLEGATIONS OF FACT COMMON TO ALL COUNTS</u>

13. In July, 2023, Epperly was working as a Sergeant for the Baldwin City, Kansas Police Department.

14. In July, 2023, Pattrick was Chief of Police for the Baldwin City, Kansas Police Department.

15. In July, 2023, Epperly commented on a Facebook post and stated his opinion that Douglas County, Kansas District Attorney was the worst District Attorney in the state.

16. In August, 2023, after a complaint from a Douglas County Deputy District Attorney, Pattrick reprimanded Epperly about the Facebook post and placed him on probation for one year.

17. After this discipline was imposed, Pattrick violated City policy by not notifying Epperly of his right to appeal the disciplinary decision.

18. In April, 2024, Pattrick initiated an administrative investigation stemming from an anonymous letter regarding Epperly's personal Tik Tok account.

19. As part of the investigation, a Douglas County Sheriff's Office Detective interviewed

2

Epperly.

20. In May, 2024, Pattrick concluded his administrative investigation and, because Epperly was still on probation, issued Epperly a reprimand and a demotion letter on May 8, 2024, that told Epperly he was being demoted to Corporal.

21. The demotion letter did not mention that Epperly was or potentially could be placed on a *Giglio*[1] list.

22. The demotion letter again did not mention Epperly's right to appeal, in violation of City policy, this disciplinary decision.

23. On May 9, 2024, Pattrick issued a hastily drafted new policy, or directive, by way of email on the use of social media for all police department employees.

24. The new policy or directive stated: "Effective immediately, absolutely no one employed with the Baldwin City Police Department is to post any pictures, videos or likeness of themselves or of any other member of this department in any of our uniforms (including training), department vehicles or our department building to any social media platform without my knowledge and permission. There will be NO exceptions."

25. The new policy, or directive, was Pattrick's attempt to retroactively make Epperly's conduct a violation of Department policy before the date of the reprimand and demotion.

26. Epperly collected countless screenshots of several Baldwin City Police Department employees violating the new policy, or directive.

27. Epperly also has countless screenshots of nearly every Department employee posting an image or video that violated the policy, or directive, including Pattrick.

---

[1] The reference is to the case of *Giglio v. United States*, 405 U.S. 150, 155, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972**).** (where the credibility of a witness is an important issue, information bearing on the credibility of the witness must be disclosed before trial.)

28. Also in May, 2024, Epperly appealed, or asked for reconsideration of the reprimand and demotion to Pattrick.

29. Epperly notified Pattrick that Pattrick violated City policy by not notifying Epperly of his right to appeal, or for reconsideration, which denied Epperly municipal civil service procedural due process rights.

30. Pattrick acknowledged his violations of City policy by attempting to quickly remedy his mistake with a follow up letter notifying Epperly of his right to appeal or reconsideration.

31. Epperly's notification to Pattrick that Pattrick had violated Epperly's municipal civil service due process rights angered Pattrick to the point that he began looking for other avenues to damage Epperly's career such as terminating Epperly.

32. Pattrick denied Epperly's appeal, or request for reconsideration.

33. Pattrick notified Epperly of his right to appeal, or to request reconsideration with the City Administrator, Rodden.

34. Epperly appealed, or requested reconsideration, to Rodden.

35. Eventually, Rodden held a meeting with Epperly over the appeal, or request for reconsideration.

36. Meanwhile, also in May, 2024, Epperly observed several Police Department employees making Facebook posts regarding work and interacting with Facebook posts while on duty clearly violating Pattrick's new social media policy, or directive.

37. This widespread violation of Pattrick's policy, or directive, demonstrated the lack of clear guidelines for social media usage as set by Pattrick.

38. In June, 2024, Rodden denied Epperly's appeal, or request for reconsideration and the reprimand and demotion were upheld.

4

39. On September 19, 2024, Epperly was called into the City Administrator's office while he was off duty and was abruptly terminated.

40. The termination letter, which is dated September 10, 2024, stated that Epperly was unemployable as a law enforcement officer because of the City's new finding that Epperly must be placed a *Giglio* list.

41. Epperly was not afforded the opportunity to defend, rebut or dispute the finding that Epperly was unable to be employed as a law enforcement officer at Baldwin City because of *Giglio* conduct or statements.

42. Nothing of significance occurred between the day in June, 2024, when Epperly's appeal, or request for reconsideration, for his demotion was denied and September 19, 2024.

43. In the termination letter, the City mentioned obtaining a legal opinion from an outside attorney, Todd Thompson, the Leavenworth County Attorney, who concluded that "out of an abundance of caution" the City should deem Epperly *Giglio'd* because of his Tik Tok posts.

44. Thompson had a personal friendship with Baldwin City Attorney Dakota Loomis.

45. Despite this finding, Epperly has regained employment in law enforcement.

46. In addition, Epperly knows of at least four Baldwin City Police Department officers who made Tik Tok posts while on duty, in uniform and in a City vehicle, in a City building, or both. One of those four was promoted after Pattrick issued the new policy, or directive.

47. Epperly has seen at least four other Baldwin City Police Officers, including Pattrick, who posted pictures of themselves on Facebook while in uniform, in a City vehicle, or both. None of those posts drew any disciplinary action for the employees who made the posts.

48. As a result of the City's disciplinary actions taken against Epperly, he has sought

professional counseling through the Veterans Administration because of the mental anguish caused by the City's unwarranted and brutal attacks on his integrity and character that ultimately damaged his career in law enforcement and that have taken a toll on him and his family.

49. The City provided C-POST, the clearinghouse in Kansas for law enforcement officers, a copy of the anonymous letter that also reported Epperly's change in employment status. The report to C-POST states that Epperly's so-called *Giglio* issues were the reason for the termination.

50. To date and to the best of Epperly's knowledge, C-POST has not initiated any investigation or review of Epperly's law enforcement certification.

COUNT I
FIRST AMENDMENT RETALIATORY DISCHARGE FOR
EXERCISING SPEECH RIGHTS – 42 U.S.C. § 1983
(DEFENDANTS PATTRICK AND RODDEN ONLY)

51. The Plaintiff incorporates by reference Paragraphs 1 through 50 above as though fully set forth herein.

52. The First and Fourteenth Amendments to the U.S. Constitution provide for the right of an individual to have freedom of speech.

53. The contours of that right were clearly established at the time the retaliatory events and termination occurred.

54. A reasonable person would have known or should have known about that right.

55. The Defendants Pattrick and Rodden, who were involved with the retaliation and termination, caused the Plaintiff to be deprived of his First and Fourteenth Amendment rights.

56. The Defendants Pattrick and Rodden, who were involved with the retaliation and termination, acted under color of state law.

57. The conduct of the Defendants Pattrick and Rodden, who were involved with the retaliation and termination, resulted in damages to the Plaintiff.

58. The speech uttered by the Plaintiff was not ordinarily within his official duties.

59. The Plaintiff's speech related to a matter of public concern.

60. The interests of the governmental employer do not outweigh the interests of the Plaintiff.

61. The Plaintiff's protected speech was a motivating factor in the retaliation and termination.

62. The Defendants Pattrick and Rodden would not have retaliated and terminated the Plaintiff in the absence of the protected speech of the Plaintiff.

63. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the Defendants Pattrick and Rodden in excess of $75,000, for his taxable costs, for non-taxable costs, for his expert witness fees, for his litigation expenses, and for a reasonable attorney fee all pursuant to 42 U.S.C. § 1988 and for such other and further relief as the Court may deem just and equitable.

COUNT II
KANSAS RETALIATORY DISCHARGE – WHISTLEBLOWING
(DEFENDANT CITY OF BALDWIN CITY ONLY)

64. The Plaintiff incorporates by reference Paragraphs 1 through 50 above as though fully set forth herein.

65. A reasonably prudent person would have concluded that the Plaintiff, an employee of the Defendant City of Baldwin City, Kansas was engaged in speech protected by the First Amendment to the U.S. Constitution and by the Kansas Constitution.

66. The Defendant City of Baldwin City, Kansas had knowledge of the Plaintiff exercising

7

his right to freedom of speech has established in the U.S. Constitution and the Kansas Constitution before the Plaintiff's termination.

67. The Defendant City of Baldwin City, Kansas's stated grounds for the Plaintiff's termination were false and pretextual.

68. The Plaintiff's exercise of his free speech rights were the cause of his termination by the Defendant City of Baldwin City, Kansas.

69. The Plaintiff has sustained damages as a result of his termination.

WHEREFORE, the Plaintiff requests the Court to enter judgment in his favor against the Defendant the Defendant Baldwin City, Kansas in excess of $75,000, for punitive damages against any responsible individual pursuant to K.S.A. 75-6105(c), for his costs and for such other and further relief as the Court may deem just and equitable.

COUNT III
42 U.S.C. SECTION 1983 FOURTEENTH AMENDMENT
LIBERTY INTEREST – STIGMA PLUS
(DEFENDANTS PATTRICK AND RODDEN ONLY)

70. The Plaintiff incorporates by reference Paragraphs 1 through 50 above as though fully set forth herein.

71. The Fourteenth Amendment to the U.S. Constitution forbids governmental actors from creating a stigma against individuals that deprives the individual of tangible interests. The contours of that right were clearly established at the time the events described occurred. A reasonable person would have known or should have known about that right.

72. The inaccurate and false report of Todd Thompson about the Plaintiff to Defendant Pattrick and the Defendant Pattrick's adoption of that report created a stigma upon the reputation of the Plaintiff.

8

73. The Defendant Rodden adopted the findings of Thompson and Pattrick's approval of those findings.

74. The stigma has deprived the Plaintiff of tangible interests, including his future employment prospects in the field of law enforcement.

75. The stigmatizing report has been published.

76. The stigmatizing report is false and is based on information that is false.

77. The Plaintiff was not afforded a valid name-clearing hearing.

78. The Defendants Pattrick and Rodden acted under color of state law.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in his favor against the Defendants Pattrick and Rodden for deprivation of Constitutional rights, back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for reasonable attorney fees, for reasonable expert witness fees, for costs, pursuant to 42 U.S.C. § 1988, all in excess of $75,000.00 and for such other and further relief as the Court may deem just and equitable.

COUNT IV
KANSAS CONSTITUION – EQUAL PROTECTION, DUE PROCESS
*GIGLIO* HEARING
(ALL DEFENDANTS)

79. The Plaintiff incorporates by reference Paragraphs 1 through 50 above as though fully set forth herein.

80. Section 2 of the Kansas Bill of Rights provides in part, "All political power is inherent in the people, and all free governments are founded on their authority, and are instituted for their equal protection and benefit.

81. This right of Equal Protection includes the Due Process right of a law enforcement officer to have the benefit of a hearing when the officer is evaluated as having a *Giglio* issue that requires disclosure to the defense in criminal cases.

82. The Plaintiff did not receive such a hearing.

83. As a result, the Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in his favor against the Defendants for deprivation of Constitutional rights, back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for reasonable attorney fees, for reasonable expert witness fees, for costs,  all in excess of $75,000.00 and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s Theodore J. Lickteig*
Theodore J. Lickteig #12977
Lickteig Law Firm, LLC
12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215-2878
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

## **JURY DEMAND**

The Plaintiff, by and through undersigned counsel, pursuant to Rule 38 of the Fed. Rules of Civil Procedure and the Seventh Amendment, demands a trial by jury of all issues so triable.

Respectfully submitted,


*/s/ Theodore J. Lickteig*

Theodore J. Lickteig #12977
Lickteig Law Firm, LLC
12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*